IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

GERALD D. FIELDS,

        Petitioner,    :    Case No. 2:21-cv-1877

- vs -    District Judge Sarah D. Morrison
    Magistrate Judge Michael R. Merz

JAY FORSHEY, Warden,
  Noble Correctional Institution,

        :
        Respondent.

## DECISION AND ORDER; NOTICE OF REPLY DEADLINE

This habeas corpus case, brought *pro se* by Petitioner Gerald Fields under 28 U.S.C. § 2254, is before the Court on Petitioner's Motion to Supplement Pleadings and the Record (ECF No. 11).  The Magistrate Judge reference in this case has recently been transferred to the undersigned to help balance the Magistrate Judge workload in the District.

**The Motion to Supplement**

Petitioner claims in the Motion that the copy served on him of the State Court Record omitted PageID 138-279.  In response the Attorney General has served an entire new copy of the State Court Record (ECF No. 12).

Petitioner also seeks to expand the record with State's Exhibit 17 (BCI Item No. 2).  The Warden makes no response to this portion of Petitioner's Motion.  Petitioner asserts it is necessary

1

to put this trial court exhibit before the Court:

> This evidence is critical in developing the true identity of the substance found on bedrail. When the state appellate court reviewed sufficiency of evidence to support manufacturing, it made the factual finding that it was "baking soda on the carpet beside the bed". Doc. #10, PAGEID# 805, fl61. The truth in the matter is the substance could not be scientifically identified. Doc. #9-1, PAGEID# 548-49 (Direct examination of Forensic Scientist Whitney Voss).

(ECF No. 27, PageID 811).

Because the state appellate court decided his sufficiency of the evidence claim on "misstated facts," Fields claim, that court did not decide the merits of the claim at all. *Id.* at PageID 827, citing *Johnson v. Williams,* 568 U. S. 289 (2013). As a consequence, Fields argues "this Court must review this question of fact for clear error." *Id.* citing *Evans v. Hudson,* 575 F.3d 560 (6th Cir. 2009). This would be "all but impossible without this vital part of the record." *Id.* citing *Mays v. Hines*, 141 S. Ct. 1145 (2021).

The Magistrate Judge disagrees with Petitioner. Whitney Voss testified that the substance reported on in BCI Item 2 weighed 0.62 grams and did not contain any controlled substances (Transcript, ECF No. 9-1, PageID 548). The questioning continued:

Q. Do you test to determine whether it is baking soda or anything like that?

A. We do not.

Q. Your testing is specifically for what purpose?

A. It's to determine if there are controlled substances on the evidence.

*Id.* at PageID 548-49.

Thus it is Petitioner who has misstated the facts. Voss never testified that baking soda could not be in general or could not have been in this case scientifically analyzed. Instead, he testified the substance in question was analyzed for controlled substances and contained none.

Cocaine is, of course, a Schedule II controlled substance. But all Voss's testimony tells us is that the analyzed substance is not cocaine or any other controlled substance. It does not purport to tell the court what it was, much less to say that a chemical analysis could not have been done. Voss was not asked what the substance was or whether he could have analyzed it. Thus the factual finding of the Ohio Fifth District Court of Appeals that there was "baking soda on the carpet beside the bed" (¶ 61) is neither based on nor contradicted by the testimony of Mr. Voss. This Court does not need the exhibit in question to decide the validity of Petitioner's insufficient evidence claim.

The law cited by Petitioner is not to the contrary. In *Johnson v. Williams*, 568 U.S. 289 (2013), the Supreme Court held that when a defendant does so little to present his claim that it has not been fairly presented, then the presumption under *Harrington v. Richter* that the state court decided the claim on the merits is "fully rebutted." Fields' Fourth Assignment of Error on direct appeal reads: "The jury verdicts against Fields are based on insufficient evidence, in violation of the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution and Sections 10 & 16, Article I of the Ohio Constitution." This assignment appears to squarely present the insufficiency of evidence claim.

In *Evans v. Hudson,* 575 F.3d 560 (6th Cir. 2009), Judge Moore started the well-accepted principle that state court decisions on the merits of a constitutional claim are, after adoption of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), entitled to deference unless they are objectively unreasonable applications or relevant Supreme Court precedent. 575 F.3d at 564. In contrast "[w]hen AEDPA deference does not apply, we apply the preADEPA standard of review and review questions of law de novo and questions of fact for clear error. *Brown [v. Smith],* 551 F.3d [424] at 430; *see also Maples v. Stegall,* 340 F.3d 433, 436 (6th Cir.2003)" *Id.* The Court of Appeals plainly rejected Fields' Fourth Assignment

of Error on the merits (Opinion, State Court Record, ECF No. 9, PageID 121).

For the foregoing reasons, Petitioner's Motion to Supplement Pleadings and the Record (ECF No. 11) is DENIED.

**Reply Deadline**

Upon transfer of the case, the Magistrate Judge noted that Petitioner had not yet filed a reply to the Return of Writ, although his Motion to Supplement noted that he needed to prepare one.

When ordering an answer in this case, Magistrate Judge Jolson ordered that the reply be filed not later than twenty-one days after the Return of Writ (ECF No. 3). The Return of Writ was filed August 23, 2021 (ECF No. 10). That would have made the reply due September 16, 2021 (twenty-one days plus three days for service by mail). Petitioner has never filed a reply nor sought an extension of time to do so. Instead, he filed the Motion to Supplement September 17, 2021. Nevertheless, because he complained of an incomplete State Court Record and Respondent has re-served that document on September 20, 2021, the Court *sua sponte* extends Fields' time to file a reply to October 14, 2021.

September 27, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge

4