# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**GERALD D. FIELDS,**

        Petitioner,    :

  v.

**WARDEN, NOBLE CORRECTIONAL INSTITUTION,**    :

        Respondent.

**Case No. 2:21-cv-1877**
**Judge Sarah D. Morrison**
**Magistrate Judge Michael R. Merz**

## OPINION AND ORDER

This habeas corpus case, brought *pro se* by Petitioner Gerald Fields under 28 U.S.C. § 2254, is before the Court on Petitioner's Objections (Objs., ECF No. 17) to the Magistrate Judge's Report and Recommendations recommending the Petition be dismissed (R&R, ECF No. 16). The Warden has timely responded to those Objections (Resp., ECF No. 17).

A litigant who is the subject of an adverse report and recommendations from a Magistrate Judge is entitled to *de novo* review of those portions of the report to which substantial objections is made. Fed. R. Civ. P. 72(b). This Opinion embodies the results of that review.

The Petition pleads five grounds for relief, but Mr. Fields objects only to the Magistrate Judge's recommended disposition of Grounds Three, Four, and Five. (Objs., PageID # 868.) Therefore, only those three grounds for relief are analyzed.

Petitioner makes no objections to the Magistrate Judge's summary of the litigation history.

I.   GROUND THREE (CONVICTION ON INSUFFICIENT EVIDENCE)

In his Third Ground for Relief, Mr. Fields asserts he was convicted on insufficient evidence. The R&R recognized that the Ohio Court of Appeals for the Fifth District decided this claim on the merits and concluded that such court's decision was neither contrary to nor an unreasonable application of clearly established Supreme Court precedent, particularly *Jackson v. Virginia*, 443 U.S. 307 (1979). (R&R, PageID # 851–58.)

Mr. Fields objects to the finding that the white powder on the bedrail of his bed was baking soda. (Objs., PageID # 868.)[1]  He explains:

> Ground Three boils down to a factual determination of direct evidence. As urged in Petitioner's traverse, the state appellate court determined that the powder substance **found on the bedrail** was baking soda, when the lab report didn't determine what it was. This had nothing to do with circumstantial evidence because the state court misconstrued something presented, as opposed to something suggested as a whole. The state never produced any baking soda evidence, but relied on Det. Wilhite's forensic background to conclude powder on bedrail was just that. The state's own forensic scientist cast reasonable doubt as to proving manufacturing[.]

(*Id.*) (internal citations omitted) (emphasis added).

Paragraph 61 of the appellate court's opinion reads:

> Upon entering Appellant's home, the officers saw drugs and drug paraphernalia in plain sight. The State presented photographs of marijuana mixed with cocaine, digital scales with cocaine residue on them, a bag containing cocaine located on the side of the bed, baking

---

[1] He had also claimed there was no direct evidence of trafficking, but concedes in his Objections that he cannot overcome the Fifth District's conclusion to the contrary.

2

> soda **on the carpet beside the bed,** sandwich baggies with the corners torn off found in the bedroom, Appellant's prescription bottles and men's watches on the night stand next to the bed, cocaine and baggies in a hot cocoa container, and marijuana roaches in a cashew container in the kitchen.

*State v. Fields*, No. CT2019-0073, 2020 WL 4558314, at *7 (Ohio Ct. App., July 27, 2020) (emphasis added). Thus, the Fifth District made no finding of fact with respect to any substance on the bedrail. Rather, it found the substance at the side of the bed was baking soda from a photograph and it had evidence before it in the form of the forensic scientist's testimony that that substance was not cocaine. (ECF No. 9-1, PageID # 548.) The Fifth District also had testimony from Detective Wilhite that baking soda is a commonly used cutting agent by which drug traffickers increase the bulk of the cocaine they have for sale. *Fields*, 2020 WL 4558314, at *7.

When a habeas petitioner seeks to overcome a state court finding of fact, he must prove the finding is in error by clear and convincing evidence. 28 U.S.C. § 2254(e). Mr. Fields has failed to prove by clear and convincing evidence that the white powder on the carpet besides the bed was not baking soda; the forensic evidence on which he relies proves only that it was not cocaine. The Fifth District's conclusion that it was baking soda is supported by Detective Wilhite's testimony that baking soda is commonly used in manufacturing cocaine for sale and the many other pieces of evidence found in the bedroom that are also associated with preparing narcotics for sale.

Mr. Fields concludes his argument by stating, "The powder substance was scientifically-tested and was determined to not be drug-related." (Objs., PageID

3

# 869.) On the contrary, the forensic testing showed it did not contain a controlled substance but did not show it was not "drug-related."

## II. GROUND FOUR (INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL) AND GROUND FIVE (DENIAL OF COUNSEL OF CHOICE)

In the R&R, the Magistrate Judge concluded that the merits of Ground Four depended on the merits of Ground Five. In other words, if the claim made in Ground Five was a "dead-bang winner," it would have been ineffective assistance of appellate counsel to fail to raise that claim on direct appeal.

The proper—indeed, the *only*—method of raising a claim of ineffective assistance of appellate counsel in Ohio is by an application for reopening under Ohio R. App. P. 26(B). *See State v. Davis*, 894 N.E.2d 1221, 1223–24 (Ohio 2008). As the R&R found, Mr. Fields filed such an Application in which he asserted only that the following Assignment of Error should have been raised.

> **New Assignment of Error 1:** The sentence is Void or Voidable where the Trial Court sentenced the Appellant Without counsel Without Having Obtained and Cause to Be Journalized a Written Waiver of Counsel Signed by the Appellant; and the Appellant was Prejudiced where Counsel Could have Prevented Conviction and Sentences for Unproven Charges, as well as Ensured the Return of the Appellant's Property.

(ECF No. 9, PageID # 242.) This claim did not rely on any facts outside the appellate record, but instead evinced the belief that Mr. Fields's new attorney, retained after trial but before sentencing, would essentially have been able to relitigate the case:

> Obviously, had the Appellant been represented by competent counsel at the sentencing hearing, such counsel could have argued that no evidence was presented to prove the Manufacturing and/or Trafficking charges;

4

> as well as having requested that the Trial Court include in the Judgment Entry an order returning the Appellant's $7,700.00, that the Jury determined. was not subject to forfeiture, and which both the Trial Court and Zanesville Police Department now have repeatedly refused to return, despite lacking legal authority to continue to deprive the Appellant of his funds; and the Appellant's sentence would likely have been considerably shorter, especially if the Trafficking and Manufacture Counts had been dismissed; but it is beyond argument that the Court of Appeals would have been required by law to declare the sentencing hearing, and resulting sentence, void, had Appellate Counsel Assigned and argued this error.

(*Id.* at PageID # 243.) The Fifth District Court of Appeals rejected this claim, finding that Mr. Fields had expressly asked at the sentencing hearing that his new attorney withdraw. (*Id.* at PageID # 252.)

Mr. Fields then appealed to the Ohio Supreme Court adding an entirely new argument: that his original trial attorney had a severe conflict of interest because they attorney was attempting to start a romantic relationship with Mr. Fields's girlfriend. (ECF No. 9, PageID # 258–59.) Mr. Fields alleged he hired his new attorney (the one he asked to withdraw at sentencing) to file a motion for new trial based on the conflict of interest. (*Id.*) However, no such motion was ever filed, and Mr. Fields did not include evidence regarding the conflict in his petition for post-conviction relief.

The R&R found that the Fifth District's decision on the Rule 26(B) Application was not an unreasonable application of *Strickland v. Washington,* 466 U.S. 668 (1984), because failure to give *Faretta* warnings at sentencing was at most harmless error. Thus, the Magistrate Judge concluded that Grounds Four and Five were without merit.

Mr. Fields objects, arguing that "[a] *Faretta* waring [*sic*] is mandatory for *pro se* representation, . . . and its denial warrants vacation of the proceeding affected by its absence," citing *Faretta v. California,* 422 U.S. 806, 835 (1975). However, in *Faretta*, the Supreme Court upheld the defendant's right to represent himself in the face of trial court insistence that he accept court-appointed counsel. Here, the obverse is the case: the trial court allowed Mr. Fields to proceed with sentencing when he fired his chosen attorney in open court.[2]

Mr. Fields relies on *Iowa v. Tovar*, 541 U.S. 77 (2004). There, the Iowa Supreme Court held that the plea colloquy preceding Mr. Tovar's guilty plea was inadequate because he had not been advised specifically that waiving counsel's assistance in deciding whether to plead guilty (1) entails the risk that a viable defense will be overlooked and (2) deprives him of the opportunity to obtain an independent opinion on whether, under the facts and applicable law, it is wise to plead guilty. *Id.* at 78. The Supreme Court reversed, holding unanimously that neither warning was required by the Sixth Amendment and that the validity of waiver of counsel would depend on the facts and circumstances of each case. As the R&R points out, the utility of an attorney at sentencing is less than at the arraignment/guilty plea stage which was at issue in *Tovar*.

Mr. Fields has never suggested how he was prejudiced by the absence of counsel, *i.e.*, what an attorney would or could have said that would have resulted in a different sentence. He had expressly hired his new attorney to move for a new

---

[2]Mr. Fields had also signed the earlier-filed Motion to Withdraw.

trial, but he fired that attorney and did not ask for a continuance to obtain new counsel.

The Court accepts the Magistrate Judge's conclusion that any constitutional error in proceeding to sentencing in this case without an attorney was at most harmless error.

### III. CONCLUSION

Based on the foregoing analysis, Mr. Fields's Objections are **OVERRULED** and the R&R is **ADOPTED**. The Clerk will enter judgment in favor of the Respondent and against Petitioner, dismissing the Petition with prejudice. Because reasonable jurists would not disagree with this conclusion, the Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**