**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS**

GERALD D. FIELDS,

        Petitioner,  :  Case No. 2:21-cv-1877

  - vs -  District Judge Sarah D. Morrison
              Magistrate Judge Michael R. Merz

JAY FORSHEY, Warden,
  Noble Correctional Institution,

                                                      :
        Respondent.

## REPORT AND RECOMMENDATIONS

      This case is before the Court on Petitioner's Motion to Alter or Amend the Judgment (ECF No. 21). Fields, who is proceeding *pro se*, brings the Motion under Fed.R.Civ.P. 59(e). Because the Judgment he seeks to modify was filed on November 9, 2021, his Motion is timely and can be considered by the Court on the merits. Because this is a post-judgment motion, it requires a report and recommendations, rather than a decision, from a Magistrate Judge to whom the case has been referred.

      For a district court to grant relief under Rule 59(e), "there must be '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Betts v. Costco Wholesale Corp.,* 558 F.3d 461, 474 (6th Cir. 2009) (quoting *Henderson v. Walled Lake Consol. Sch.,* 469 F.3d 479, 496 (6th Cir. 2006)).

      Motions to alter or amend judgment may be granted if there is a clear error of law, see *Sault Ste. Marie Tribe,* 146 F.3d at 374, newly

> discovered evidence, *see id.*, an intervening change in controlling constitutional law, *Collison v. International Chem. Workers Union, Local 217,* 34 F.3d 233, 236 (4th Cir. 1994); *Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 90-91 n.3 (1st Cir. 1993); *School District No. 1J v. ACANDS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), or to prevent manifest injustice. *Davis*, 912 F.2d at 133; *Collison*, 34 F.3d at 236; *Hayes*, 8 F.3d at 90-91 n.3. See also *North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

*Gencorp, Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999), accord, *Nolfi v. Ohio Ky. Oil Corp.*, 675 F.3d 538, 551-52 (6th Cir. 2011), quoting *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.,* 616 F.3d 612, 615 (6th Cir. 2010).

A motion under Fed. R. Civ. P. 59(e) is not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)(citation omitted). Thus, parties should not use them to raise arguments which could and should have been made before judgment issued. *Id.* Motions under Rule 59(e) must establish either a manifest error of law or must present newly discovered evidence. *Id.* In ruling on an Fed.R.Civ.P. 59(e) motion, "courts will not address new arguments or evidence that the moving party could have raised before the decision issued. See 11 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure §2810.1, pp. 163-164 (3d ed. 2012) (Wright & Miller); accord, *Exxon Shipping Co. v. Baker,* 554 U. S. 471, 485-486, n. 5 (2008) (quoting prior edition)." *Bannister v. Davis*, 140 S. Ct. 1698, 1703, 207 L.Ed. 2d 58 (2020). Petitioner recognizes this as the governing legal standard (Motion, ECF No. 21, PageID 890).

**Ground Three: Sufficiency of the Evidence**

Fields seeks amendment of the Court's ruling on his Third Ground for Relief – insufficiency of the evidence -- and relies on the "clear error of law" branch of the precedent

2

(Motion, ECF No. 21, PageID 890). He asserts:

> A clear error of law occurred when this Court found the state appellate court's use of Detective Wilhite's testimony in its sufficiency of evidence analysis as consistent with *Jackson v. Virginia,* 443 U.S. 307 (1979). *Jackson* concluded that the proper analysis relies upon the evidence adduced, or presented, at trial rather than that developed at trial. The evidence presented in support of illegal manufacturing of drugs was the baggie of unidentified powder, lab report of substance, photo of substance before collection and random baggies. While testimony may corroborate presented evidence, none of the state's witnesses could do such, beyond a reasonable doubt, here.

*Id.*

He continues: "A sufficiency analysis weighs the evidence, not the testimony, in relations to the elements of the offense. . . . sufficiency does not incorporate circumstantial evidence – verdicts do." *Id.* at PageID 892.

Petitioner's argument relies on a distinction between physical evidence and testimonial evidence which is not part of the *Jackson* analysis. The Court's Opinion and Order found that the Ohio Fifth District Court of Appeals had analyzed the evidence as a whole in concluding there was sufficient evidence. That included physical evidence:

> photographs of marijuana mixed with cocaine, digital scales with cocaine residue on them, a bag containing cocaine located on the side of the bed, baking soda on the carpet beside the bed, sandwich baggies with the corners torn off found in the bedroom, Appellant's prescription bottles and men's watches on the night stand next to the bed, cocaine and baggies in a hot cocoa container, and marijuana roaches in a cashew container in the kitchen.

(Opinion, ECF No. 16, PageID 883-84, quoting *State v. Fields,* 2020 Ohio App. LEXIS 2883 ¶ 61 (5th Dist. July 27, 2020). It also included expert forensic testimonial evidence that the white powder substance found on the carpet by the bed was not cocaine. *Id.* It also relied on the

3

experience-based testimony[1] of Detective Wilhite that baking soda is commonly used as a cutting agent in the manufacture of cocaine for sale. *Id.*

*Jackson* does not make the distinction on which Fields relies between evidence "adduced or presented" at trial and evidence "developed" at trial.  Indeed in a certain sense facts are not evidence until they have been admitted in evidence at a trial.  For example, it may be an indisputable physical fact that a certain object is a firearm, but it does not become evidence upon which a jury may properly ground a verdict until it has been admitted in evidence under whichever rules of evidence law apply in the jurisdiction in which the trial is being conducted.

Once a trial reaches the stage at which the jury is to deliberate on the evidence, the jury is instructed on what they may consider as evidence.  The standard instruction on evidence recommended by the Ohio Judicial Conference in Ohio Jury Instructions reads:

> **1. DEFINITION.** Evidence is all the testimony received from the witnesses (including depositions) ([and] the exhibits admitted during the trial) (and any facts that the court requires you to accept as true).
>
> **2. VALUE OF EVIDENCE.** You may consider both direct and circumstantial evidence. You must decide from all the direct and circumstantial evidence, taken together, whether the state has proven all of the elements of the charged offense(s) beyond a reasonable doubt.

2 OJI-CR 409.01.  In instructing the jury in this case, the trial judge gave them this definition of evidence verbatim:  "Evidence is all the testimony received from the witnesses and the exhibits admitted during the trial and facts agreed to by counsel and any facts which the Court requires you to accept as true." (Transcript, State Court Record, ECF No. 9-1, PageID 711).  He also told them that direct and circumstantial evidence are of equal weight. *Id.* at PageID 712.  Finally, he properly

---

[1] On the propriety of admitting experience-based expert testimony, see *Kumho Tire Co. v. Carmichael*, 526 U.S.137 (1999).

4

defined reasonable doubt and instructed the jury that it must find every element of each offense beyond a reasonable doubt. *Id.* at PageID 711.

In sum, *Jackson* does not make the distinction among types of evidence on which Fields relies. The jury was properly instructed to consider all the evidence, physical and testimonial, and weigh it under the reasonable doubt standard. Having done so, it convicted Fields and the Fifth District found the presented evidence, taken as a whole, was sufficient. This habeas corpus court is required to defer both to the finder of fact and the court of appeals. *Coleman v. Johnson*, 566 U.S. 650, 651 (2012)(per curiam); *Parker v. Matthews*, 567 U.S. 37, 43 (2012) (per curiam). Therefore the Court did not commit a clear error of law in dismissing Ground Three.

**Ground Four: Ineffective Assistance of Appellate Counsel**
**Ground Five: Denial of Counsel of Choice**

Petitioner argues the Court's decision of his Fourth and Fifth Grounds for Relief worked a manifest injustice. In the Opinion the Court agreed with the Magistrate Judge that the merits of Ground Four depended on the merits of Ground Five: if Fields was not effectively denied counsel at sentencing, then it cannot have been ineffective assistance of appellate counsel to fail to claim that he had been thus denied (ECF No. 19, PageID 886). The Court concluded that any failure to appoint counsel for sentencing was at most harmless error. *Id.* at PageID 888.

The instant Motion offers no response to this harmless error finding. Fields merely insists that sentencing is a critical phase of a criminal case, but never purports to show any prejudice he suffered as a result of not having counsel at that proceeding. In particular he has never refuted the Magistrate Judge's finding that he somehow expected a new attorney would be able to relitigate prior results in the case, which is simply not correct.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Motion to Amend be DENIED.

December 3, 2021.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #