## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

GERALD D. FIELDS,

                Petitioner,      :     Case No. 2:21-cv-1877

    - vs -                     District Judge Sarah D. Morrison
                               Magistrate Judge Michael R. Merz

JAY FORSHEY, Warden,
  Noble Correctional Institution,

                             :

           Respondent.

## OPINION AND ORDER

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 23) to the Magistrate Judge's Report and Recommendations (ECF No. 22) recommending denial of Petitioner's Motion to Alter or Amend the Judgment (ECF No. 21).  A litigant who objects to a Magistrate Judge's report is entitled to *de novo* consideration by the District Judge of any substantial objection made to the report. The Court has conducted that *de novo* review and includes her conclusions in this Order.

Fields first objects to what he calls the Magistrate Judge's "meddling" and asks that the Report be stricken (Objections, ECF No. 23, PageID 902, relying on *Bannister v. Davis*, 140 S. Ct. 1698 (2020).  Fields argues:

> In *Banister*, the High Court reasoned that a timely-filed motion suspends the finality of the original judgment, which, in turns [sic], renders it a matter solely for the judgment's creator - a judge.  In habeas relief, Rule 59(e) motions are special pleadings directed at a special

1

> proceedings, and not of the species generalized by thee [sic] Magistrate.
> *Id*. Consequently, it should be stricken.

(Objections, ECF No. 23, PageID 902).

In *Bannister* the Supreme Court held a motion to amend a judgment, brought under Fed.R.Civ.P. 59(e), was proper in habeas corpus cases under the rules applicable to such motions in all civil cases. In particular it held Rule 59(e) motions are not "second or successive" habeas petitions requiring prior approval by the circuit court under 28 U.S.C. § 2244(b).

Justice Kagan's opinion says nothing about the use of Magistrate Judges in recommending decisions on Rule 59(e) motions. In general the Magistrates' Act distinguishes between "non-dispositive" matters which Magistrate Judges can decide in the first instance, subject to appeal, and "dispositive" matters which require a report and recommendations if assigned to a Magistrate Judge, but final decision by an Article III District Judge. Examples of the former are pretrial motions for discovery, extensions of time, and the like. Dispositive matters, on the other hand, must be decided by an Article III judge.

However, the Magistrates' Act expressly permits the reference to a Magistrate Judge of dispositive matters for "proposed findings of fact and recommendations for the disposition" of dispositive matters such as motions for injunction, for summary judgment, to dismiss, or to suppress evidence in a criminal case. 28 U.S.C. § 636(b)(1)(B).

That is what happened here. The Magistrate Judge did not purport to decide the Rule 59(e) motion and expressly recognized "Because this is a post-judgment

2

motion, it requires a report and recommendations, rather than a decision, from a Magistrate Judge to whom the case has been referred." Rather than "meddling," the Magistrate Judge was complying with the General Order of Assignment and Reference for this Court (General Order Col 14-01) which refers all habeas corpus proceedings to Magistrate Judges from the date of filing and empowers them to:

> conduct of all proceedings that may be conducted in such cases by Magistrate Judges under 28 U.S.C. § 636. If any such motion is a matter that a Magistrate Judge may not hear and determine in the first instance under § 636(b)(l)(A), the Magistrate Judge may file a report and recommendation on that matter without the need for a specific order of reference.

*Id.* Regarding the Rule 59(e) Motion, the Magistrate Judge here proceeded in accordance with General Order Col 14-01. The request to strike his Report and Recommendations is denied.

In his Motion to Amend, Fields relied on a purported distinction between evidence "adduced or presented at trial" and evidence "developed" at trial. The Report rejected that distinction and found that it was no part of the analysis of sufficiency of the evidence in *Jackson v. Virginia*, 443 U.S. 307 (1979), the governing precedent. Fields objects that the Supreme Court in *Jackson* "found that even a modicum of circumstantial evidence did not support a conviction beyond a reasonable doubt." (Objections, ECF No. 23, PageID 902). That is not part of the holding in *Jackson*. There the Court held that a mere modicum of evidence – defined as some relevant evidence – would not be enough to satisfy the Fourteenth Amendment. Instead the Court held

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319.  The Court did not distinguish between direct and circumstantial evidence or between physical and testimonial evidence.  Instead, a reviewing court must consider all the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have convicted. After adoption of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), a habeas court must defer to the decision that the evidence was sufficient made by the trier of fact and then by the reviewing state courts.  *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009).  In a sufficiency of the evidence habeas corpus case, deference should be given to the trier-of-fact's verdict under *Jackson v. Virginia* and then to the appellate court's consideration of that verdict, as commanded by AEDPA. *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008); *accord Davis v. Lafler,* 658 F.3d 525, 531 (6th Cir. 2011)(en banc); *Parker v. Matthews*, 567 U.S. 37, 43 (2012).  Notably, "a court may sustain a conviction based upon nothing more than circumstantial evidence." *Stewart v. Wolfenbarger,* 595 F.3d 647, 656 (6th Cir. 2010).

The Court did not commit a manifest error of law in applying the *Jackson* standard.  Fields' objection to the contrary is overruled.

In rejecting Fields' Fourth and Fifth Grounds for Relief, the Court concluded

that failure to appoint new counsel for sentencing after Fields discharged his attorney was at most harmless error (Opinion, ECF No. 19, PageID 888).  Fields objects that lack of counsel at that stage can never be harmless (Objections, ECF No. 23, PageID 903, citing *Gardner v. Florida*, 430 U.S. 349, 358 (1977).  *Gardner* was a capital case in which the defendant was sentenced to death in part on the basis of confidential information included in a presentence investigation report which was not disclosed to counsel.  The Court's opinion was fractured, but the ultimate holding was that a sentencing judge in a capital case could not rely on information not shared with defense counsel.  The case does not hold that absence of counsel at sentencing can never be harmless.  Fields' *per se* argument aside, he has never suggested any harm he suffered from the absence of counsel at sentencing.

## Conclusion

Having considered *de novo* all of the objections made by Petitioner, the Court finds they are without merit and are overruled.  The Report is adopted and Petitioner Fed.R.Civ.P. 59(e) Motion is denied.

 /s/ Sarah D. Morrison
Sarah D. Morrison
United States District Judge